FILED
SEP 1 9 2012
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. |
| JOHN P. CALANDRELLA, and ANTHONY R. CALANDRELLA | ) 4:12CR00347 JCH ) ) |
| Defendants. | ) ) ) |

## INDICTMENT

## COUNT ONE

(18 U.S.C. § 371)

The Grand Jury charges that:

**Introduction**

1. At all times relevant to this Indictment, Defendant **John P. Calandrella** resided in Lake St. Louis, Missouri within the Eastern District of Missouri.

2. At all times relevant to this Indictment, Defendant **Anthony R. Calandrella** resided in St. Charles within the Eastern District of Missouri.

3. In or around 1991, Defendants **John P. Calandrella** and **Anthony R. Calandrella** formed Golden Delta Investment Corporation (hereinafter "GDIC") under the laws of the State of Missouri. Defendants **John P. Calandrella** and **Anthony R. Calandrella** were the sole shareholders of GDIC, with each being issued 50% of the shares of stock. The business of GDIC was to purchase, renovate, and sell or rent homes in the St. Louis metropolitan area within the Eastern District of Missouri.

4. On or about November 11, 2003, Defendants **John P. Calandrella** and **Anthony R. Calandrella** organized Golden Delta Enterprises, L.L.C., under the laws of the State of Missouri. Golden Delta Enterprises, L.L.C. did business as Golden Delta Enterprises (hereinafter "GDE"). The business of GDE was to purchase, renovate, and sell or rent homes in the St. Louis metropolitan area

5. For 2003, 2004, and 2005, all the profits generated by the real estate enterprise of Defendants **John P. Calandrella** and **Anthony R. Calandrella** were paid directly to the Defendants, who shared them equally.

6. The Internal Revenue Service ("IRS") is an agency of the United States Department of Treasury responsible for administering and enforcing the tax laws of the United States.

7. The tax laws of the United States require every citizen and resident of the United States who receives gross income to annually prepare and file an income tax return for that year.

8. Citizens and residents are required to prepare and file income tax returns on a Form 1040.

## The Conspiracy

9. From on or about April 15, 2003 and continuing until on or about December 30, 2006 both dates being approximate and inclusive, within the Eastern District of Missouri and elsewhere,

> **JOHN P. CALANDRELLA,** and
> **ANTHONY R. CALANDRELLA**

the Defendants herein, did unlawfully, voluntarily, intentionally and knowingly conspire, combine, confederate, and agree together and with each other and with other individuals both

known and unknown to the Grand Jury to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of the revenue: to wit, income taxes in violation of Title 26, United States Code Section 7201.

**Means and Manner of the Conspiracy**

10. For the tax years 2003, 2004, and 2005, GDE generated substantial profits that went directly to Defendants **John P. Calandrella** and **Anthony R. Calandrella**. Accordingly, Defendants **John P. Calandrella** and **Anthony R. Calandrella** received substantial, personal gross income which required them to prepare and file individual federal income tax returns.

11. As part of the conspiracy and to further its object, Defendants **John P. Calandrella** and **Anthony R. Calandrella** failed to file any individual income tax returns for these three tax years or pay any taxes due and owing.

12. In addition, as part of the conspiracy and to further its object, for the tax years 2003, 2004, and 2005, Defendants **John P. Calandrella** and **Anthony R. Calandrella** caused the entities associated with their real estate business to not file Forms 1065 with the IRS.

13. As further part of the conspiracy, both Defendants **John P. Calandrella** and **Anthony R. Calandrella** concealed income from the IRS.

14. For example, it was part of the conspiracy that Defendants **John P. Calandrella** and **Anthony R. Calandrella** paid personal expenses from GDE accounts and with GDE credit cards in order to conceal their income. In some cases, Defendants **John P. Calandrella** and **Anthony R. Calandrella** transferred money from GDE accounts to themselves by writing checks payable

3

to themselves and cashing said checks. In other cases, Defendants **John P. Calandrella** and **Anthony R. Calandrella** caused checks to be issued that were made payable to others and were written on GDE accounts. Those payees cashed the checks and the proceeds were then transferred to Defendants **John P. Calandrella** and **Anthony R. Calandrella**.

15. It was further part of the conspiracy that Defendants **John P. Calandrella** and **Anthony R. Calandrella** used GDE funds to purchase packages from well known promoters of tax evasion schemes and activities. As part of the conspiracy and to further its object, both Defendants **John P. Calandrella** and **Anthony R. Calandrella** denied to IRS Criminal Investigations Special Agent Shannon Vernieuw that they knew such promoters, including a person referred to herein as M.C., and purchasing any of their tax evasion materials. In fact, as Defendants **John P. Calandrella** and **Anthony R. Calandrella** well knew, they had met with M.C. personally and paid him more than $20,000 for tax evasion materials.

16. As part of the conspiracy and to further its object, Defendants **John P. Calandrella** and **Anthony R. Calandrella** each submitted identical, false and frivolous letters to the IRS claiming they were citizens of the sovereign state of Missouri, and were not required to sign or file federal income tax returns and pay federal income taxes.

## Overt Acts

17. In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed by one or more of the conspirators in the Eastern District of Missouri, and elsewhere:

4

A.   On or about October 6, 2003, Defendant **John P. Calandrella** caused to be transmitted by wire $50,010 from GDE's account at Truman Bank to Premier Corporate Services, Ltd. for materials related to tax evasion.

B.   On or about March 15, 2005, the Defendant **John P. Calandrella** quitclaimed title of his personal residence to J&J International Trust established in the country of Nevis.

C.   On or about March 15, 2005, the Defendant **Anthony R. Calandrella** quitclaimed title of his personal residence to ARC International Trust established in the country of Nevis.

D.   On or about June 16, 2005, the Defendant **Anthony R. Calandrella** caused to be transmitted by wire $6,700 from his account at Commerce Bank to The Bank of Nevis, Ltd., for ARC International Trust.

E.   On or about May 24, 2006, Defendant **John P. Calandrella** submitted a letter to the IRS stating he was not obligated to sign and file an income tax return.

F.   On or about May 24, 2006, Defendant **Anthony R. Calandrella** submitted a letter to the IRS stating he was not obligated to sign and file an income tax return.

G.   On or about October 19, 2006, both Defendants **John P. Calandrella** and **Anthony R. Calandrella** denied to IRS Special Agent Shannon Vernieuw that they either knew or had a relationship with tax evasion promoter M.C..

In violation of Title 18, United States Code, Section 371.

## COUNT TWO

(26 U.S.C. § 7201)

The Grand Jury further charges that:

5

18. The Grand Jury realleges and reincorporates by reference paragraphs 1 through 17 of Count One of this indictment in their entirety as if fully set forth herein.

19. During the calendar year of 2003,

**JOHN P. CALANDRELLA,**

the Defendant herein, a resident of Missouri, had and received taxable income in the sum of approximately $336,314; that upon said taxable income there was owing to the United States of America a substantial income tax; that well knowing and believing the foregoing facts, the defendant, **JOHN P. CALANDRELLA**, for the tax year 2003 in the Eastern District of Missouri, did willfully attempt to evade and defeat the said income tax due and owing by him to the United States of America for said calendar year by failing to make an income tax return on or before April 15, 2004, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay the Internal Revenue Service said income tax, and by committing the following affirmative acts: told Special Agent Shannon Vernieuw on October 19, 2006 that he did not know M.C., an offshore trust and tax evasion promoter, when he had met him personally and provided him cash for tax evasion materials; cashed GDE checks issued to himself; quit-claimed his personal residence to J&J International Trust, an offshore trust he established in Nevis; and used GDE funds to pay personal expenses.

In violation of Title 26, United States Code Section 7201.

## COUNT THREE

(26 U.S.C. § 7201)

The Grand Jury further charges that:

20. The Grand Jury realleges and reincorporates by reference paragraphs 1 through 17 of Count One of this indictment in their entirety as if fully set forth herein.

21. During the calendar year of 2004,

**JOHN P. CALANDRELLA,**

the Defendant herein, a resident of Missouri, had and received taxable income in the sum of approximately $44,763; that upon said taxable income there was owing to the United States of America a substantial income tax; that well knowing and believing the foregoing facts, the defendant, **JOHN P. CALANDRELLA**, for the tax year 2004 in the Eastern District of Missouri, did willfully attempt to evade and defeat the said income tax due and owing by him to the United States of America for said calendar year by failing to make an income tax return on or before April 15, 2005, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay the Internal Revenue Service said income tax, and by committing the following affirmative acts: told Special Agent Shannon Vernieuw on October 19, 2006 that he did not know M.C., an offshore trust and tax evasion promoter, when he had met him personally and provided him cash for tax evasion materials; cashed GDE checks issued to himself; quit-claimed his personal residence to J&J International Trust, an offshore trust he established in Nevis; and used GDE funds to pay personal expenses.

In violation of Title 26, United States Code Section 7201.

## COUNT FOUR

(26 U.S.C. § 7201)

The Grand Jury further charges that:

22. The Grand Jury realleges and reincorporates by reference paragraphs 1 through 17 of Count One of this indictment in their entirety as if fully set forth herein.

23. During the calendar year of 2005,

### JOHN P. CALANDRELLA,

the Defendant herein, a resident of Missouri, had and received taxable income in the sum of approximately $324,425; that upon said taxable income there was owing to the United States of America a substantial income tax; that well knowing and believing the foregoing facts, the defendant, **JOHN P. CALANDRELLA**, for the tax year 2005 in the Eastern District of Missouri, did willfully attempt to evade and defeat the said income tax due and owing by him to the United States of America for said calendar year by failing to make an income tax return on or before April 15, 2006, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay the Internal Revenue Service said income tax, and by committing the following affirmative acts: told Special Agent Shannon Vernieuw on October 19, 2006 that he did not know M.C., an offshore trust and tax evasion promoter, when he had met him personally and provided him cash for tax evasion materials; cashed GDE checks issued to himself; quit-claimed his personal residence to J&J International Trust, an offshore trust he established in Nevis; and used GDE funds to pay personal expenses.

In violation of Title 26, United States Code Section 7201.

### COUNT FIVE

(26 U.S.C. § 7201)

The Grand Jury further charges that:

24. The Grand Jury realleges and reincorporates by reference paragraphs 1 through 17 of Count One of this indictment in their entirety as if fully set forth herein.

25. During the calendar year of 2003,

**ANTHONY R. CALANDRELLA,**

the Defendant herein, a resident of Missouri, had and received taxable income in the sum of approximately $223,392; that upon said taxable income there was owing to the United States of America a substantial income tax; that well knowing and believing the foregoing facts, the defendant, **ANTHONY R. CALANDRELLA**, for the tax year 2003 in the Eastern District of Missouri, did willfully attempt to evade and defeat the said income tax due and owing by him to the United States of America for said calendar year by failing to make an income tax return on or before April 15, 2004, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay the Internal Revenue Service said income tax, and by committing the following affirmative acts: told Special Agent Shannon Vernieuw on October 19, 2006 that he did not know M.C., an offshore trust and tax evasion promoter, when he had met him personally and provided him cash for tax evasion materials; cashed GDE checks issued to himself; quit-claimed his personal residence to ARC International Trust, an offshore trust he established in Nevis; and used GDE funds to pay personal expenses.

In violation of Title 26, United States Code Section 7201.

## COUNT SIX

(26 U.S.C. § 7201)

The Grand Jury further charges that:

26. The Grand Jury realleges and reincorporates by reference paragraphs 1 through 17 of Count One of this indictment in their entirety as if fully set forth herein.

27. During the calendar year of 2004,

**ANTHONY R. CALANDRELLA,**

the Defendant herein, a resident of Missouri, had and received taxable income in the sum of approximately $61,335; that upon said taxable income there was owing to the United States of America a substantial income tax; that well knowing and believing the foregoing facts, the defendant, **ANTHONY R. CALANDRELLA**, for the tax year 2004 in the Eastern District of Missouri, did willfully attempt to evade and defeat the said income tax due and owing by him to the United States of America for said calendar year by failing to make an income tax return on or before April 15, 2005, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay the Internal Revenue Service said income tax, and by committing the following affirmative acts: told Special Agent Shannon Vernieuw on October 19, 2006 that he did not know M.C., an offshore trust and tax evasion promoter, when he had met him personally and provided him cash for tax evasion materials; cashed GDE checks issued to himself; quit-claimed his personal residence to ARC International Trust, an offshore trust he established in Nevis; and used GDE funds to pay personal expenses.

In violation of Title 26, United States Code Section 7201.

## COUNT SEVEN

(26 U.S.C. § 7201)

The Grand Jury further charges that:

28.     The Grand Jury realleges and reincorporates by reference paragraphs 1 through 17 of Count One of this indictment in their entirety as if fully set forth herein.

29.     During the calendar year of 2005,

### ANTHONY R. CALANDRELLA,

the Defendant herein, a resident of Missouri, had and received taxable income in the sum of approximately $343,015; that upon said taxable income there was owing to the United States of America a substantial income tax; that well knowing and believing the foregoing facts, the defendant, **ANTHONY R. CALANDRELLA**, for the tax year 2005 in the Eastern District of Missouri, did willfully attempt to evade and defeat the said income tax due and owing by him to the United States of America for said calendar year by failing to make an income tax return on or before April 15, 2006, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay the Internal Revenue Service said income tax, and by committing the following affirmative acts: told Special Agent Shannon Vernieuw on October 19, 2006 that he did not know M.C., an offshore trust and tax evasion promoter, when he had met him personally and provided him cash for tax evasion materials; cashed GDE checks issued to himself; quit-claimed his personal residence to ARC International Trust, an offshore trust he established in Nevis; and used GDE funds to pay personal expenses.

In violation of Title 26, United States Code Section 7201.

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN

United States Attorney

_____
Stephen Casey #58879MO
Assistant United States Attorney